# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>          Plaintiff,<br><br>     v.<br><br>DANIEL LOPEZ,<br>AKA DANIEL LOPEZ JR.,<br><br>          Defendant.<br>_____/ | CASE NO. 1:10-cv-02252-LJO-SMS<br><br>ORDER DISMISSING CASE<br>AND REMANDING TO<br>CALIFORNIA SUPERIOR COURT<br><br>(Docs. 2 and 3) |

Plaintiff Daniel Lopez, proceeding *pro se*, has filed a notice removing this case (*People of the State of California v. Daniel Lopez, AKA Daniel Lopez Jr.,* No. 22450LT (Kern County, March 4, 2010), from the California Superior Court, Kern County, to the United States District Court for the Eastern District of California ("District Court") (Doc. 2). Petitioner contends that removal is appropriate in light of certain civil rights claims arising from the state case that Plaintiff seeks to assert. This Court, *sua sponte*, hereby dismisses this case and remands it to the California Superior Court since the District Court lacks subject matter jurisdiction over state criminal prosecutions.

To the extent that Plaintiff seeks to pursue his contentions of civil rights violations in the course of his arrest or prosecution or both, this dismissal is without prejudice to Plaintiff's raising his federal civil rights claims in a separate federal action. Plaintiff is advised, however, that because the State of California, its agencies, and state government employees acting in their official capacities are not persons for purposes of 42 U.S.C. § 1983, such entities are not subject

to suit under § 1983.  *See, e.g., Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).  In addition, judges and officers whose functions are closely related to the judicial process are absolutely immune under § 1983 for acts performed in their official capacities.  *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986 *en banc*); *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1985).  Similarly, prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocates for the State performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

This Court further reminds Plaintiff that the federal district court is not the appropriate court for an appeal of his state court conviction, if that is his intent.  Should Plaintiff wish to challenge the order(s) or judgment(s) of the state court, he must file an appeal with the appellate division of the state court.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

This action is **HEREBY REMANDED** to the Superior Court of California.  The Clerk of Court is hereby directed to close the case.

IT IS SO ORDERED.

**Dated:   January 4, 2011**             /s/ Lawrence J. O'Neill
                                                              UNITED STATES DISTRICT JUDGE